SMITH v. STAR CO.

(Supreme Court, Appellate Division, First Department.  May 7, 1909.)

DEPOSITIONS (§ 84*)—COMMISSION TO TAKE TESTIMONY—RETURN FOR FURTHER EXAMINATION.

In an action for libel, where the answer justified the charge, and upon defendant's application with plaintiff's consent a commission was issued to a commissioner in another state, authorizing the examinaton of witnesses without written interrogatories, and the examination was confined to the character of plaintiff and his sons, rather than to a statement of the facts set up in the answer by way of justification, a motion to return the commission for a further examination of the witnesses should have been granted.

[Ed. Note.—For other cases, see Depositions, Dec. Dig. § 84.*]

Appeal from Special Term, New York County.

Libel action by Walter Smith against the Star Company.  From an order denying a motion to return a commission issued to take testimony in another state, to further examine witnesses, defendant appeals.  Reversed, and motion granted, unless plaintiff stipulates to allow certain depositions to be read in testimony.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

MacDonald De Witt, for appellant.
Herbert R. Limburg, for respondent.

INGRAHAM, J.  This was an action for libel, which charged the plaintiff with having killed one Bradley while endeavoring to arrest the plaintiff for a violation of the law against killing birds in the state of Florida.  The answer justifies the charge.  Upon application of the defendant, and on the consent of the plaintiff, a commission was issued to a commissioner in the state of Florida, authorizing the examination on oath of certain witnesses therein named without written interrogatories.  There was also issued a commission to examine certain witnesses named on behalf of the plaintiff and defendant in an action brought by the same plaintiff against Peter F. Collier and another, in an action to recover upon a similar libel.  Under the commission issued in this action the examination of the witnesses seems to have been confined to the character of the plaintiff and his sons, rather than to a statement of the facts set up in the answer as justifying the libel.  The plaintiff then moved to return the commission for a further examination of the witnesses.

I think that this motion should have been granted.  It is quite apparent that the execution of this commission was imperfect, and that it will be of no substantial use to the defendant on the trial.  The ap-

pellant, however, has offered that, if the plaintiff would stipulate to allow the depositions annexed to the commission issued in the action against Collier to be read as testimony in this action, he would be satisfied with an affirmance of the order appealed from, and this seems to be a reasonable condition.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, unless the plaintiff should stipulate to allow the depositions annexed to the commission in the action against Collier to be read as testimony in this action, in which case the order appealed from should be affirmed, without costs.

All concur.